**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CMA CGM S.A., <br><br> Petitioner, <br><br> v. <br><br> CIS DEVELOPMENT FOUNDATION, INC., <br><br> Respondent. | No. 24cv364 (EP) (JBC) <br><br> **OPINION** |

**PADIN, District Judge.**

CMS CGM S.A. ("Petitioner") moves to enforce a subpoena for documents issued by the Federal Maritime Commission ("FMC" or "Commission") to CIS Development Foundation, Inc. ("Respondent"), and for sanctions.  D.E. 1-8 ("Motion" or "Mot.").  The Court has reviewed the parties' submissions and decides the motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons set forth below, the Motion will be **GRANTED in part** and **DENIED in part**.[1]

## I.    BACKGROUND

In September 2022, Marine Transport Logistics, Inc. ("MTL") filed a Complaint with the FMC against Petitioner and its agent, CMA-CGM (America), alleging violations of the Shipping Act of 1984, 46 U.S.C. § 40101 *et seq.* (the "Shipping Act").  *Marine Transport Logistics, Inc. v.*

---

[1] Although the parties do not dispute this Court's jurisdiction, the Court has an independent duty to determine its own subject matter jurisdiction.  *See N.J. Carpenters and the Trustees Thereof v. Trishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).  The Court is satisfied that it has subject matter jurisdiction pursuant to 46 U.S.C. § 41308(a) (stating, in part, that "[i]f a person does not comply with a subpoena or order of the Federal Maritime Commission . . .  an injured party[] may seek enforcement in a district court of the United States having jurisdiction over the parties").

*CMA-CGM (America), LLC, CMA CGM S.A.*, No. 22-23 (FMC Sept. 2022) (the "FMC Proceeding"); D.E. 1-2 ("Complaint" or "Compl."). According to the Complaint, MTL hired Petitioner, as a non-vessel operating common carrier, to transport several shipping containers from the United States to Ukraine. *See* Compl. When Russia invaded Ukraine, before delivery of the containers, MTL instructed Petitioner to reroute the containers to Bremerhaven, Germany. *See id.* MTL alleges that Petitioner did not timely reroute the containers, resulting in delays and damages to MTL. *See id.*

As part of discovery in the FMC Proceeding, Chief Administrative Law Judge Erin M. Wirth issued third-party deposition and document subpoenas to Respondent. D.E. 1-4 ("Document Subpoena"); D.E. 1-5 ("Testimony Subpoena") (together, the "Subpoenas"). Petitioner served the Testimony Subpoena on Respondent's President on December 15, 2023, and served the Document Subpoena on Respondent's President on December 29, 2023. Testimony Subpoena at 5; Document Subpoena at 5.

The Document Subpoena required that, by January 2, 2024, Respondent provide, *inter alia*, "all documents and business records relating to [Respondent's] involvement with, activity with respect to, interest in, and control of, the Relevant Shipments" (as defined in the Document Subpoena). Document Subpoena at 4. The Testimony Subpoena required Respondent to designate a representative to sit for a deposition on January 9, 2024 at 10:00 AM. Testimony Subpoena at 1. The areas of examination listed on the Testimony Subpoena included, *inter alia*, "[a]ll documents, business records, and correspondence relating to the Relevant Shipments" (as defined in the Testimony Subpoena). *Id.* at 3.

Following service of the Subpoenas, Petitioner's counsel "made several unsuccessful attempts" to contact Respondent in an attempt to secure compliance with the Subpoenas. D.E. 1-

1 ("Fenneman Declaration") ¶¶ 9-10.  On January 10, 2024, after apparently not receiving any documents from Respondent and not conducting Respondent's deposition, Petitioner filed a notice of intent to enforce the Subpoenas in the FMC Proceeding pursuant to FMC Rule 150(c), 46 C.F.R. 502.150(c).  D.E. 1-6 ("Notice to Enforce").

On January 19, 2024, a Friday, Petitioner's counsel informed Respondent that if it did not respond by January 22, 2024, the following Monday, Petitioner would seek an order from this Court enforcing the Subpoenas.  *Id.* ¶ 10.  True to its word, on January 22, 2024, Petitioner filed its Motion to enforce the Subpoenas and seek sanctions against Respondent in this Court.  Mot.

On January 26, 2024, Respondent's counsel informed Petitioner's counsel that Respondent's President was available for a deposition on February 16, 2024.  D.E. 2 ("Pogil Cert.") at 1.  On February 1, 2024, Respondent's counsel emailed Petitioner's counsel a Dropbox link that purportedly contained documents responsive to the Document Subpoena.  *Id.*

On February 16, 2024, Respondent's deposition that was prompted by the Testimony Subpoena was completed and Respondent filed a certification in opposition to the Motion.  Pogil Cert.[2]  In response, Petitioner withdrew the portion of the Motion that sought to enforce the Testimony Subpoena, without prejudice to any rights to seek a further deposition.  Reply at 2.

---

[2] Petitioner raises a question about whether the attorney who submitted a certification in opposition on behalf of Respondents, Mr. Gary Pogil, Esq., actually represents Respondents.  D.E. 3 ("Reply") at 4 n.2.  According to Petitioner, Mr. Pogil also represents the Complainant in the underlying FMC action.  *Id.*  The Court notes that Mr. Pogil has not filed a notice of appearance on behalf of Respondents.  However, Mr. Pogil holds himself out as Respondent's attorney by submitting a certification "on behalf of [Respondent]."  D.E. 2 at 1.  The Court assumes Mr. Pogil is aware of the ethical implications for misleading the Court.

II.     **ANALYSIS**

A.      **The Court Will Enforce the Document Subpoena**

"A district court should enforce an agency subpoena if the subpoena is for a proper purpose, the information sought is relevant to that purpose, and statutory procedures are observed." *N.L.R.B. v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964).   Courts must also consider privacy concerns when "personal documents of individuals, as contrasted with business records of corporations, are the subject of an administrative subpoena." *F.D.I.C. v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995) (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).[3]   "Courts must insist that the agency not act arbitrarily or in excess of its statutory authority." *Frazier*, 966 F.2d at 815  (cleaned up).

The FMC has authority to investigate and adjudicate disputes arising under the Shipping Act.   *See* 46 U.S.C. §§ 41301-41310; 46 CFR §§ 502.131, 502.146(c).   As part of this authority, the FMC has "broad investigatory powers, including the ability to subpoena witnesses and evidence . . . and issue sanctions for delay . . . which can be enforced via application to a district court."   *In re Vehicle Carrier Servs. Antitrust Litig.*, No. 13-3306, 2015 WL 5095134, at *13 (D.N.J. Aug. 28, 2015) (citing 42 U.S.C. §§ 41303(a)(1), 41302(d), 41308).

The Court finds that the Document Subpoena was issued for the proper purpose of investigating disputed claims properly before the FMC and was within the FMC's investigative authority.   Respondent does not argue otherwise.   The information sought is also relevant to that proper purpose.   The Document Subpoena, on its face, is appropriately tailored to the topics at issue in the FMC Proceeding and seeks only relevant information.   Respondent similarly does not argue otherwise.

_____

[3] No such privacy concerns have been raised by Respondent and it does not appear that they are implicated by the face of the Document Subpoena.

Furthermore, the Document Subpoena complied with statutory procedures. The FMC has enacted detailed regulations governing disclosures and discovery. 46 C.F.R. Ch. IV, Subch. A, Pt. 506, Subpt. J. FMC Rule 141, 46 C.F.R. § 502.141 governs the duty to disclose and general discovery provisions. FMC Rule 146, 46 C.F.R. § 502.146 governs document requests and states, in part, that "a nonparty may be compelled to produce documents and tangible things . . . ." § 502.146(c). There is nothing to indicate that proper statutory procedures were not followed here, and Respondent does not argue otherwise.

Respondent's only argument for why the Document Subpoena should not be enforced appears to be that it is moot. *See* Pogil Cert. at 2. The Court disagrees. Respondent asserts that there was no need for Respondent to bring this Motion because Respondent emailed Petitioner a Dropbox link with documents that were responsive to the Document Subpoena. Pogil Cert. at 1-2; D.E. 2-3. However, Petitioner asserts that the Dropbox link was to a folder entitled "MTL's Production of Documents on February 1, 2024" with no responsive documents from Respondent. Reply at 5. Most importantly, Respondent does not represent that it has fully complied with the Document Subpoena. Therefore, because Respondent appears to have not fully complied with the Document Subpoena, the dispute is not moot.

Respondent also alleges that Petitioner is engaging in "frivolous behavior" by bringing this Motion. Pogil Cert. at 2. Respondent cites a decision by the Commission in the FMC Proceeding denying Petitioner's appeal of an ALJ decision denying its motion for a letter request to French authorities under the Hague Evidence Collection, asserting that French law bars it from providing documents in response to MTL's discovery requests. D.E. 2-5. However, the Court fails to see the relevance of that decision here. Although the Court does not condone Petitioner's tactic to threaten federal court litigation, for the first time, on a Friday if a response to its demands are not

received by the following Monday, Fenneman Decl. ¶ 10, such behavior is not a basis to decline to enforce an otherwise enforceable subpoena that has not been complied with. Therefore, the Court will enforce the Document Subpoena.

**B.  The Court Declines to Impose Sanctions**

Petitioner seeks sanctions in the form of costs and fees. Mot. at 5-6. The Court declines to impose sanctions.

Petitioner argues that the Fed. R. Civ. P. 37(d)(3) mandates an award of costs and fees against a party which fails to respond to discovery without substantial justification for doing so. The Court disagrees. There is a split of authority on whether Rule 37 applies to administrative enforcement actions. *See Nat'l Labor Relations Bd. v. Kava Holdings, Inc.*, No. 17-mc-0071, 2017 WL 3841780, at *6 (C.D. Cal. Aug. 8, 2017) (collecting cases), *report and recommendation adopted sub nom.*, 2017 WL 3841797 (C.D. Cal. Aug. 31, 2017). The Court notes that Petitioner does not explain how an administrative enforcement action is a motion to compel discovery within the meaning of Rule 37. *See N.L.R.B. v. Durham Sch. Servs.*, L.P., No. 14mc52, 2015 WL 150898, at *2 (N.D. Fla. Jan. 12, 2015) (holding that Rule 37 does not apply to administrative enforcement actions because an "administrative enforcement action is not a 'motion' to compel 'discovery' within the meaning of the Federal Rules").

The Court is aware of the unreported, non-precedential Third Circuit case of *N.L.R.B. v. Graveley Brothers Roofing Corp.*, No. 98-3054, 1999 WL 1075117 (3d. Cir. Jan. 14, 1999) where Former Magistrate Judge Hart, appointed as a special master, applied Rule 37(b)(2) to award fees for failing to obey a discovery order. However, Judge Hart seemingly assumed that Rule 37 applies to discovery failures in administrative proceedings, without analyzing this issue specifically. *Graveley Brothers Roofing Corp.* does not require that this Court apply Rule 37 here.

However, the Court need not weigh in on the split of authority on this issue.  Even assuming *arguendo* that Rule 37 sanctions are available in administrative subpoena enforcement proceedings, a prerequisite to a motion seeking discovery sanctions is that the movant exhaust efforts to meet and confer with the opposing party to resolve the dispute prior to seeking court intervention.  *See Nat'l Labor Relations Bd. v. Alaris Health at Hamilton Park*, No. 20-2810, 2020 WL 2812768, at *5 (D.N.J. May 8, 2020) (citing Fed. R. Civ. P. 37(a)(1)) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

The Court finds that Petitioner has not made the requisite good faith attempts to confer with Respondent before filing the Motion.  Petitioner's attorney states that, after Respondent was served with the Subpoenas, she made "several unsuccessful attempts" to contact Respondent by telephone to request compliance with the Subpoenas.  Fenneman Declaration ¶ 9.  However, Petitioner does not specify important details such as the number of attempts, when the attempts were made, who Petitioner's counsel was attempting to contact, and whether messages were left. It was not until January 19, 2024, the Friday before the Monday this action was filed, that Petitioner's counsel emailed Respondent requesting cooperation with the Subpoenas and threatening this action.  *Id.* ¶ 10.  Rather than provide a reasonable timeframe for a response, and rather than attempt to schedule a meet and confer meeting, Petitioner filed this action on the next working day.  *Id.*  This behavior clearly evidences a lack of a good faith basis to meet and confer or attempt to secure compliance with the Subpoenas.  *See Alaris Health at Hamilton Park*, 2020 WL 2812768, at *5.  Therefore, Rule 37 sanctions, even if applicable to administrative subpoena enforcement actions, are unavailable to Petitioner here.

Respondent next argues the Court has inherent authority to issue sanctions against parties for bad-faith behavior in litigation.  Mot. at 5-6.  The Court agrees that it has the inherent authority to sanction litigants who engage in "bad faith by delaying or disrupting the litigation."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).  However, as discussed above, the record is woefully insufficient to support a finding of bad faith on the part of Respondent.  Indeed, there is no indication that Respondent even received any communication by Petitioner's attorney seeking to coordinate responses to the Subpoenas until January 19, 2024, one working day before this administrative subpoena enforcement action was filed.

## III.    CONCLUSION

For the foregoing reasons, Petitioner's Motion will be **GRANTED in part** and **DENIED in part**.  The Court will enforce the Document Subpoena but will not impose sanctions.  An appropriate Order accompanies this Opinion.

Dated: August 26, 2024

Evelyn Padin, U.S.D.J.

8